**Joseph KLEMENTS; Janice Klements, his wife, Appellants**

v.

**CECIL TOWNSHIP; Lillian Veres; Kevin Cameron; Phyllis Zaccarino; Thomas A. Casciola; Mike Debbis, individually and in their capacity as the Cecil Township Supervisors; Chief John T. Pushak, individually and in his capacity as the Cecil Township Police Chief.**

No. 09–3213.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Oct. 21, 2010.

Filed: Nov. 30, 2010.

Peter M. Suwak, Esq., Washington, PA, for Appellants.

Karin R. Galbraith, Esq., Thomas P. McGinnis, Esq., Thomas, Thomas & Hafer, Pittsburgh, PA, Stephanie L. Hersperger, Esq., Thomas, Thomas & Hafer, Harrisburg, PA, for Appellees.

BEFORE: HARDIMAN, GREENAWAY, JR., and NYGAARD, Circuit Judges.

## OPINION OF THE COURT

NYGAARD, Circuit Judge.

I.

Appellants Joseph and Janice Klements filed an action against Cecil Township, Pennsylvania and various Township officials alleging that the Appellees violated their civil rights by removing various vehicles from their property. The District Court granted summary judgment in favor of all defendants. We will affirm, essentially for the reasons contained in the District Court's memorandum opinion. *See Klements v. Cecil Township et al.,* 2009 WL 1850819 (W.D.Pa. Jun. 26, 2009).

In Appellants' complaint, much of which tracks, verbatim, the allegations of a 2003 state court case complaint, they allege that the Township violated their civil rights by removing vehicles from their property without prior inspection of work orders. They sought relief for the constitutional violations under 42 U.S.C.A. § 1983, and also assert state law causes of action sounding in invasion of privacy, trespass, and "intentional interference with economic opportunities." They sought money damages and "injunctive re-

lief to halt further summary tows without a prior inspection, specific notice of violation, opportunity to cure and/or meaningful hearing before a neutral judicial officer if violation is disputed."

In July of 2006, the District Court stayed the matter on the basis of the pendency of a parallel state action, pursuant to *Colorado River* abstention. *See Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 818–20, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). The District Court directed the parties to file joint status reports every six months to advise the court as to the status of the state court action.

The District Court granted the Township's motion for summary judgment, determining that, while complicated by the fact that there are two relevant and final state court judgments (a consent decree entered by the Washington County Court of Common Pleas and a 2006 judgment entered by that same court against the Appellants in the 2003 civil complaint they filed against the Township), the parties' factual allegations and money damages sought were identical in the federal and state complaints filed by the Appellants. The District Court found claim preclusion applicable and granted the Township's motion for summary judgment.

## II.

Claim preclusion bars the litigation of claims that either have been litigated or should have been raised in an earlier suit. *See, e.g., Venuto v. Witco Corp.,* 117 F.3d 754, 758 n. 5 (3d Cir.1997). The Appellants are pursuing the same civil rights claims that they brought in Pennsylvania state court. It is clear that these claims have been fully litigated in Pennsylvania, and the District Court correctly found that claim preclusion prevents relitigating these claims in federal court.

Our review of the facts and the applicable law satisfies us that the District Court's grant of summary judgment on the Appellants' claims was mandated by the applicable law. The judgment of the District Court here was correct for the reasons thoroughly explained in its Memorandum and Opinion. Accordingly, for essentially the same reasons set forth by the District Court, the judgment appealed in this case will be, in all respects, affirmed.